UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN HILL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CEO OF UNION SUPPLY GROUP, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-00104-JST<br><br>**ORDER OF DISMISSAL** |

Plaintiff, an inmate at Salinas Valley State Prison ("SVSP"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His amended complaint (ECF No. 9) is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

1   While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

2   the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

3   A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

4   cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

5   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a

6   right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

7   violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487

8   U.S. 42, 48 (1988).

### B. Procedural History

The initial complaint brought suit against the Union Supply Group, John Doe CEO of Union Supply Group, and John Doe CEO of Union Supply Company.  The initial complaint alleged that Union Supply Company, a CDCR authorized vendor, refused to credit Plaintiff for items that were missing from a package that he ordered from them, thereby engaging in constructive fraud, wire fraud, and embezzlement.   ECF No. 1.  The Court dismissed the complaint with leave to amend because it did not allege the violation of either a federal constitutional right or a federal law because there is no private right of action for wire fraud, and the remaining claims are state law claims.  ECF No. 5.

### C. Amended Complaint

The amended complaint names the following as defendants: the California Department of Corrections and Rehabilitations ("CDCR"); CDCR Secretary Ralph Diaz; CEO of Union Supply Group; Union Supply Group Inc.; CEO of Union Supply Co.; and Union Supply Co.  ECF No. 9 at 1.

The amended complaint alleges that Defendants have caused Plaintiff loss of funds and property in the following manner.  From 2019 to 2020, Plaintiff deposited $600 into a trust account with Union Supply Co.  Pursuant to CDCR regulations and Union Supply Co. regulations, Plaintiff could order five packages a year, with a maximum of thirty pounds per package.  ECF No. 9 at 3.  Union Supply Co.'s product catalog incentivizes customers to purchase more by providing free items.  The first package that Plaintiff ordered was missing some of the paid items

1    ordered and some of the "incentive freebies." Union Supply Co. has refused to refund him for the
2    missing items. Plaintiff requested that Union Supply Co. notify him if any of his items were out
3    of stock so that he could modify his order accordingly, but Union Supply Co. refused. Union
4    Supply Co. has refused to refund Plaintiff over $32 in undelivered items and Plaintiff has a
5    remaining balance of $140 in his Union Supply Co. account that Union Supply Co. will not let
6    him use. Union Supply Co. has therefore deprived Plaintiff of items that he has ordered, his
7    money/funds, and interest on these money/funds. This deprivation was an illegal seizure of
8    Plaintiff's property, in violation of the Fourth Amendment; and a taking of Plaintiff's property
9    without due process, in violation of the Fifth and Fourteenth Amendment. Defendants also
10   violated Article I, Section 10 of the United States Constitution, which provides that no state shall
11   make any law impairing the obligation of contracts, by using a "bogus disclaimer" disavowing
12   CDCR liability with respect to purchases from defendants Union Supply Co. and Union Supply
13   Group.
14        Plaintiff argues that defendants Union Supply Co. and Union Supply Group are state
15   actors, operating under color of state law, because the CDCR has contracted with Union Supply
16   Co. and Union Supply Group to provide canteen services that the CDCR does not wish to provide.
17   Plaintiff argues that the CDCR has a contractual fiduciary duty to Plaintiff because Plaintiff has no
18   other way to order goods, and that the CDCR failed in its fiduciary duty by allowing defendants
19   Union Supply Co. and Union Supply Group to defraud him and seize his property.

20   **D.   Analysis**

21        The amended complaint will be dismissed with prejudice for failure to state a cognizable
22   Section 1983 claim.
23        The amended complaint's allegations do not establish that Union Supply Co. or Union
24   Supply Group is a state actor. Action taken by a private organization may be under color of state
25   "if, though only if, there is such a close nexus between the State and the challenged action that
26   seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Academy*
27   *v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal quotations omitted).
28   The Supreme Court has found state action when a challenged activity results from the state's

1   exercise of coercive power, when the State provides significant encouragement for the activity,

2   when a private actor operates as a willful participant in joint activity with the state, when the

3   private actor is controlled by a state agency, or when a governmental function has been delegated

4   to the private actor.  *See id.*  Because the CDCR has no constitutional obligation to provide

5   inmates with canteen services or supplies, the fact that the CDCR allowed Union Supply Co. and

6   Union Supply Group to provide canteen services or supplies to inmates does not render either

7   Union Supply Co. or Union Supply Group a private actor.

8        Assuming arguendo that Union Supply Co. and Union Supply Group were operating under

9   color of state law, the amended complaint's allegations still fail to state either a Fourth

10  Amendment claim, or a due process claim, whether under the Fifth Amendment or the Fourteenth

11  Amendment, or a claim under Article I, Section 10 of the United States Constitution.

12       The Fourth Amendment does not protect an inmate from the seizure or destruction of his

13  property.  *Hudson v. Palmer*, 468 U.S. 517, 527-28, 528 n.8 (1984); *see also Taylor v. Knapp*, 871

14  F.2d 803 (1989) (inmate at state correctional facility had no Fourth Amendment claim with respect

15  to prison officials' allegedly unlawful seizure and conversion of money and assets belong to

16  nonprofit corporation for which inmate was officer).  An inmate's only form of redress for

17  deprivation of property is through the Fifth and Fourteenth Amendments, or through state law.

18  *Taylor*, 871 F.2d at 806.  The amended complaint's Fourth Amendment claim is DISMISSED

19  with prejudice.

20       The amended complaint fails to state a cognizable due process claim because the

21  deprivation of Plaintiff's funds was not the result of established state procedure.  According to the

22  exhibit attached to the amended complaint, prison regulations require that a refund be issued to the

23  purchaser if an item is out of stock.  ECF No. 9 at 9.  The failure to refund Plaintiff for the unsent

24  items is therefore contrary to state regulations.  Plaintiff has not cited to any established state

25  procedure authorizing the holding of money in his account with Union Supply Group or Union

26  Supply Co.  Because the deprivation of both the ordered items and the funds was either random

27  and/or unauthorized, this intentional (or negligent) deprivation of property fails to state a due

28  process claim under Section 1983.  *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (no due

4

1  process claim where state employee negligently lost prisoner's hobby kit), *overruled in part on*
2  *other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S.
3  517, 533 (1984) (no due process claim where inmate's property intentionally destroyed).  The
4  availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief
5  because it provides sufficient procedural due process.  *See Zinermon v. Burch*, 494 U.S. 113, 128
6  (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation
7  statutory provision for post-deprivation hearing or common law tort remedy for erroneous
8  deprivation satisfies due process).  The amended complaint's due process claim is DISMISSED
9  with prejudice.

Finally, Article I, Section 10 of the United States Constitution is inapplicable here.  Article I, Section 10 prohibits, in relevant part, states from passing laws impairing the obligation of contracts.  The CDCR did not pass any law when it approved Union Hill Supply Co. or Union Hill Supply Group as an authorized vendor.  This claim is DISMISSED with prejudice.

The amended complaint fails to state a cognizable federal claim.  This action is DISMISSED with prejudice because amendment would be futile.[1]  *See Mangiarcina v. Penzone*, 849 F.3d 1191, 1195 (9th Cir. 2017) (*pro se* complaints may only be dismissed if it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief).

## CONCLUSION

For the foregoing reasons, the Court DISMISSES this action with prejudice.  The Clerk shall enter judgment in favor of Defendants and against Plaintiff, and close the case.

**IT IS SO ORDERED.**

Dated:  December 30, 2021

_____
JON S. TIGAR
United States District Judge

---

[1] In the initial complaint, Plaintiff alleged numerous state law claims.  Although Plaintiff has failed to state a federal claim, he may seek relief in the state courts on his state law claims.